## A. HATTON *vs.* PIOPIO.

AT CHAMBERS. BEFORE JUDD, C.J., ON APPEAL FROM DISTRICT
JUDGE OF EWA.

JUNE, 1882.

Under our fishery laws every resident on a land has the right to fish
in the sea appurtenant to the land and to sell the fish caught by
him.

### DECISION OF JUDD, C.J.

The case comes up on appeal from the District Court of Ewa
on the following agreed statement of facts:

This case was brought by plaintiff for an illegal trespass of
Piopio in fishing, and taking and selling fish caught in the fishery
belonging to the Ahupuaa of Honouliuli, Ewa, Oahu, Piopio
being a resident of Puuloa and a tenant of James I. Dowsett,
under whom he (Piopio) justifies; James I. Dowsett being the
owner of Puuloa, a portion of the Ahupuaa of Honouliuli, and
as such owner entitled to the right of piscary, as appears by
*Haalelea vs. Montgomery*, 2 Hawn., 62.

1. It is hereby admitted that James Campbell is the owner of
the Ahupuaa of Honouliuli.

2. That he has leased to the plaintiff his (the Konohiki's)
right to take fish from Kalaeloa, or Barber's Point, to Puuloa
wharf.

3. That Dowsett, under whom Piopio justifies, is the owner of
Puuloa.

4. That Puuloa is the lower portion, or a part of the Ahupuaa
of Honouliuli.

5. That Piopio is a resident of Puuloa, but not in his own
right, owning no Kuleana, but a tenant servant of J. I. Dowsett.

6. That the value of the fish taken and sold by Piopio was
$34.00, and that the proceeds ($34.00) have been delivered to
Dowsett.

7. That the fish were caught in the sea fronting Puuloa.

It is also admitted that Piopio (defendant) was born on the Ahupuaa of Honouliuli, and has always lived there. The plaintiff contends that (1) Piopio is not a tenant (hoa-aina) within the statute; and that (2) though Dowsett as the owner of Puuloa may have the right to take fish in the sea adjoining his land, he cannot delegate this right to defendant; and that (3) though the tenant may fish for his own consumption, he cannot sell the fish taken by him.

The law regulating fisheries of these islands, pertaining to this case, is found in the following sections of the Civil Code:

Section 387: "The fishing grounds from the reefs, and where there happen to be no reefs, from the distance of one geographical mile seaward to the beach at low water mark, shall, in law, be considered the private property of the Konohikis, whose lands by ancient regulation belong to the same, in the possession of which private fisheries the said Konohikis shall not be molested, except to the extent of the reservations and prohibitions hereinafter set forth."

Section 388: "The Konohikis shall be considered in law to hold said private fisheries for the equal use of themselves, and of the tenants on their respective lands; and the tenants shall be at liberty to use the fisheries of their Konohikis subject to the restriction imposed by law."

Section 389: "The Konohikis shall have power each year to set apart for themselves one given species or variety of fish natural to their respective fisheries, giving public notice by *viva voce* proclamation, and by at least three written or printed notices posted in conspicuous places on the land to their tenants and others residing on their lands, signifying the kind and description of fish which they have chosen to be set apart for themselves."

I am of the opinion that any *bona fide* resident upon the land is a "tenant" within the terms of the statute. Such was the opinion of this Court in *Haalelea vs. Montgomery,* 2 Hawn., 62 (1858).

Says the Court, per Robertson, J.: "We understand the word tenant, as used in this connection, to have lost its ancient restricted meaning and to be almost synonymous, at the present time, with the word occupant or occupier, and that every person occupying lawfully any part of Honouliuli, is a tenant within the meaning of the law."

"Those persons who formerly lived as tenants under the Konohikis, but who have acquired fee simple titles to their Kuleanas, under the operation of the Land Commission, continue to enjoy the same rights of piscary that they had as hoaainas under the old system."

Every resident on the land, whether he be an old hoaaina, a holder of a Kuleana title, or a resident by leasehold or any other lawful tenure, has a right to fish in the sea appurtenant to the land as an incident of his tenancy. The case above referred to clearly decides that the owner of Puuloa has a right of piscary in the sea of Puuloa, as a tenant of Honouliuli. I cannot justify the fishing of the defendant or any person not a *bona fide* tenant of the land, by the mere permission of Dowsett, for Dowsett has no greater rights than any other tenant of Honouliuli. He has no Konohiki rights in the sea of Puuloa. These remain to the owner of the Ahupuaa of Honouliuli. This was so decided in the above cited case. But as Piopio is conceded to be an old resident or hoaaina of Honouliuli, and living permanently at Puuloa, he has the undoubted right to fish in the sea of Honouliuli of which the sea of Puuloa is a part, as an incident to his tenancy. It is his domicile on Puuloa as a part of Honouliuli that gives him the right to fish, and not by a delegation of Dowsett's rights.

I come now to the question of the right of the tenant to sell the fish so taken by him. It is noticeable that in Section 1477 of the Civil Code, where certain specific rights of the people are secured, the people on the lands are allowed to take firewood, house timber, aho cord, thatch and ki leaf from the land on which they live, "for their own private use, but they shall not have a right to take such articles to sell for profit."

No such restrictions are made in the statute respecting the fisheries. The words granting the right are, "the tenants shall be at liberty to use the fisheries of their Konohikis, subject to the restrictions imposed by law." What is the nature of that "use of the fisheries," which the tenant may enjoy? Is it the right to take fish for his own consumption merely?

The argument is made that, as in ancient times no fish was accustomed to be sold, and as the tenant has no greater rights now than he had then, he cannot now sell fish. But in the primitive days of this country there was no trade or commerce and no currency. The business of the country was a system of exchange or barter, and at a comparatively recent day taxes were paid in kind. We are not to enquire what was the "use" to which the tenant in ancient times put the fish he caught, but what the words of our statute fairly comprehend. I do not think that the Konohiki is entitled to the fish caught by the tenant in excess of his own needs for consumption. There are no words of the law warranting this view, and it would be oppressive for him thus to appropriate the fruit of another man's skill and labor.

The fishing in the open sea off our coasts does not tend materially to lessen the supply unless extraordinary means are used and the fish taken in spawning season. For fish in the open sea are animals *ferae naturae,* and go and come at will, unrestrained. If the ordinary means are employed in taking fish, the Konohiki's opportunities to take all the fish he is able to capture are not diminished by whatever fishing the tenants may do.

It is unreasonable to hold that the tenant must put the excess of fish beyond what he can eat back into the sea to run off again. The case appears stronger if the Konohiki exercises his option of taking the tabued fish (ia hoomalu). These specific fish are set apart for the exclusive use of the Konohiki. His right being thus commuted, he has no exclusive right to other varieties of fish; and if he can sell his reserved fish, the tenants can sell the unreserved fish which they take.

22

I do not think the law intended to restrict the tenants to the right to take fish solely for their own use.

I am strengthened in this view by Section 392 of the Civil Code, whereby the Konohiki is allowed, on consultation with his tenants, to prohibit during certain months in the year all fishing upon their fisheries, and during the season to exact one-third of the fish taken by the tenants as his share. Here, certainly, the Konohiki cannot take more than his one-third.

Judgment for defendant.

*Cecil Brown,* for plaintiff.

*E. Preston,* for defendant.

Honolulu, June 2d, 1882.